**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALISA LEVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Q3M INSURANCE SOLUTIONS LLC, | ) |
| and QUANTUM 3 MEDIA, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1. Plaintiff brings this action to recover damages for violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and implementing FCC regulations, and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

2. Plaintiff complains that Defendant Q3M Insurance Solutions LLC ("Q3M"), at the direction of Defendant Quantum 3 Media, LLC ("Quantum"), placed numerous telemarketing calls to Plaintiff even though she was on the National Do Not Call Registry, invading her privacy and causing the loss of time and effort.

3. In the early 1990s, Congress enacted the TCPA to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4. The TCPA affords special protections for people who registered their residential phone numbers on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one call after being registered on the National Do Not Call Registry is entitled to recover damages of at least $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

5. From January 2021 until June 2021 alone, approximately 26.4 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index,

-1-

https://robocallindex.com/history/time (last visited July 13, 2021). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

7. Personal jurisdiction exists under 735 ILCS 5/2-209, in that Defendants have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

8. Venue in this District is proper for the same reason.

9. The receipt of numerous unwanted telemarketing calls satisfies Article III. *Gadelhak v. AT&T Servs.*, 950 F.3d 458 (7th Cir. 2020)

## PARTIES

10. Plaintiff Alisa Levin is a resident of the Northern District of Illinois.

11. Plaintiff has had her cell phone ending in 0082 listed on the National Do Not Call Registry since prior to the events described below.

12. The majority of the calls made from and received on the cell phone are non-business calls. The phone is therefore "residential."

13. Defendant Q3M is a limited liability company organized under Delaware law with offices at 16415 Northcross Dr., Suite F, Huntersville, NC, 28078-5001, and 8530 Cliff Cameron Drive, Charlotte, NC 28269. Its registered agent and office is Corporation Service Company, 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608, or 251 Little Falls Drive, Wilmington, DE 19808.

14. Defendant Quantum is the sole member of Defendant Q3M. It is a Delaware limited liability company with its principal place of business at 720 East Palisade Avenue, Suite 107,

Englewood Cliffs, NJ 07632. Its registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

15. As set forth below, Defendant Quantum has responded to numerous complaints about telemarketing practices of Q3M. In some cases, the responses include representations that no further calls would be placed to the person making the complaint. Based on this, Plaintiff alleges that Defendant Quantum controls the telemarketing practices of Defendant Q3M.

## FACTS

16. For a number of months, Plaintiff has received 10-15 calls per day from Defendant Q3M on her cell phone ending in 0082.

17. On some occasions, Plaintiff answers and the caller hangs up.

18. On other occasions, Plaintiff answers or calls back and is offered Medicare insurance. Plaintiff will not be eligible for Medicare or Medicare insurance for decades.

19. On at least one occasion, Plaintiff was informed of the name of the company calling, Q3M.

20. Plaintiff received more than 500 such calls.

21. Plaintiff attempted to block the calls, only to receive further calls purportedly from different numbers.

22. Plaintiff did not consent to such calls.

23. Plaintiff did not provide her number to Defendants.

24. Plaintiff had no prior business relationship with Defendants

25. Plaintiff never inquired of Defendants about any products or services.

26. Defendants have received numerous complaints about their telemarketing calls, including the placement of calls to persons on the Do Not Call list, prior to the calls to Plaintiff. Court complaints include:

    a. Nicole Ansley v. Quantum 3 Media, LLC, Case No.:
       2:21-cv-05113-MHW-CMV (S.D.Ohio).

-3-

   b. Yvette Griffin v. Baltimore Life Ins. Co., et al., Case No. 1:20-cv-00476-ELH (D.Md.).

27. Complaints from others about Defendants' telemarketing calls found on the Better Business Bureau website are attached as Exhibit A.

28. The complaints are answered by Quantum.

29. Often the response includes the statement that no further calls will be placed to the complaining party.

30. Quantum thus shows that it controls the telemarketing activities of Q3M.

31. The continued placement of calls after complaints were received was a wilful violation of the TCPA.

32. Unless enjoined, Defendants will continue to place such calls.

33. Defendants' conduct violated the privacy rights of Plaintiff, in that she was subjected to annoying and harassing calls. Defendants' calls intruded upon the rights of Plaintiff to be free from invasion of her interest in seclusion.

34. Defendants' conduct harassed Plaintiff, interrupted her workday, and wasted her time, in that she had to devote energy to answering, addressing and/or otherwise responding to numerous unwanted calls.

## **COUNT I – TCPA**

35. Plaintiff incorporates paragraphs 1-34.

36. This claim is against both Defendants.

37. The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one phone call "within any 12-month period by or on behalf of the same entity." See 47 U.S.C. §§227(c)(1), (c)(5); 47 C.F.R. §64.1200(c)(ii).

38. Statutory damages for each call placed in violation of the TCPA's restrictions on calling phone numbers registered on the National Do Not Call Registry are $500 per call and up to

$1,500 per call if the violation is determined to be willful. See 47 U.S.C. §227(c)(5).

39. In addition, the TCPA allows the Court to enjoin Defendants' violations of the TCPA's regulations prohibiting calls to phone numbers registered on the National Do Not Call Registry. See 47 U.S.C. §227(c)(5)(A).

40. By making calls to Plaintiff's phone after her number was registered on the National Do Not Call Registry, Defendants violated the TCPA, including, but not limited to, 47 U.S.C. §§227(c)(1) and the implementing regulations.

WHEREFORE Plaintiff requests the Court grant the following relief:

    i. Statutory damages of $1500 per call;

    ii. An injunction against further calls;

    iii. Costs;

    iv. Such other or further relief as is proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

41. Plaintiff incorporates paragraphs 1-34.

42. This claim is against both Defendants.

43. Defendants engaged in unfair acts and practices, in violation of 815 ILCS 505/2, by systematically calling persons whose phone numbers are registered on the National Do Not Call Registry or who have requested that Defendants do not call them.

44. Defendants engaged in such practices in the course of trade and commerce.

WHEREFORE Plaintiff requests the Court grant the following relief:

    i. Actual damages;

    ii. Punitive damages;

    iii. An injunction against further calls;

    iv. Attorney's fees, litigation expenses and costs;

    v. Such other or further relief as is proper.

/s/ *Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Tara L. Goodwin (ARDC 6297473)
Stephen J. Pigozzi (ARDC 6331482)
**EDELMAN, COMBS, LATTURNER**
    **& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com

T:\38710\Pleading\Complaint_Pleading.WPD

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ *Daniel A. Edelman*
Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

*/s/ Daniel A. Edelman*
Daniel A. Edelman